# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | 1:11-cv-01920 LJO GSA |
| Plaintiff, | **ORDER REGARDING NOTICE OF REMOVAL BY DEFENDANTS** |
| v. | (Document 1) |
| ELIZABETH THRELKELD, et al., | |
| Defendants. | |

On November 17, 2011, Defendants Elizabeth Threlkeld and Loren E. Weidman filed a Notice of Removal with this Court, seeking to remove an action from the Madera County Superior Court. (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a

1

notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

*Timeliness*

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

Here, Defendants' removal notice provides a copy of the summons, civil case cover sheet, complaint for unlawful detainer, and Defendants' answer to the complaint in the Madera County Superior Court action, case number MCV055578. (Doc. 1 at 8-16.) Notably, Defendants' answer in the state court action was filed on March 28, 2011. (Doc. 1 at 15-16.) Therefore, more than 230 days have elapsed since Defendants' responsive pleading was filed in the state action and it follows even more time has elapsed following their receipt of the initial pleading by Plaintiff. As a result, the instant removal is untimely. 28 U.S.C. § 1446(b). Although the notice of removal is clearly untimely, the Court will turn to address the issue of jurisdiction.

*Jurisdiction*

Defendants are attempting to remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 4-6.) However, Defendants cannot establish

1 jurisdiction that is proper.  Federal courts are courts of limited jurisdiction and lack inherent or
2 general subject matter jurisdiction.  Federal courts can adjudicate only those cases authorized by
3 the United States Constitution and Congress.  Generally, those cases involve diversity of
4 citizenship or a federal question, or cases in which the United States is a party.  *Kokkonen v.*
5 *Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490
6 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without jurisdiction
7 over civil actions.  *Kokkonen*, 511 U.S. at 377.  Lack of subject matter jurisdiction is never
8 waived and may be raised by the Court *sua sponte*.  *Attorneys Trust v. Videotape Computer*
9 *Products, Inc*., 93 F.3d 593, 594-95 (9th Cir. 1996).  "Nothing is to be more jealously guarded by
10 a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is
11 nothing."  *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

12 Furthermore, the law is clear in the Ninth Circuit that the removal statute should be
13 strictly construed in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co*,
14 425 F.3d 689, 698 (9th Cir. 2005).   The "strong presumption" against removal jurisdiction
15 means that the defendant always has the burden of establishing that removal is proper.
16 *Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v.*
17 *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if
18 there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980 F.2d 564,
19 566 (9th Cir. 1992).

20 In this case, Defendants are unable to establish subject matter jurisdiction before this
21 Court because the complaint filed in the state court contains a single cause of action for unlawful
22 detainer based on California Code of Civil Procedure section 1161a.  Unlawful detainer actions
23 are strictly within the province of state court.  Defendants' attempt at creating federal subject
24 matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.  *See*
25 *Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted
26 counterclaims raising federal issue will not permit removal).  Therefore, Defendants' references
27
28

to Title 42 of the United States Code section 1983 and other Constitutional provisions are of no effect.

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plainly, Plaintiff Federal National Mortgage Association's complaint raises only a state law claim. Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").

## CONCLUSION AND ORDER

Based on the above, this action is REMANDED *sua sponte* to the Madera County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court is directed to remand the matter to the Madera County Superior Court and to close this case.

IT IS SO ORDERED.

**Dated:   November 22, 2011**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE